UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00502

**Barry Strickland,**
*Plaintiff,*

v.

**Commissioner of the Social Security Administration,**
*Defendant.*

# ORDER AND OPINION

Plaintiff filed this civil action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of his application for Social Security benefits. The case was referred to a magistrate judge, who issued a report recommending that the decision of the Commissioner be affirmed and that this cause of action be dismissed with prejudice. Doc. 17. Plaintiff timely objected. Doc. 18.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff begins by objecting to the report "in its entirety." Doc. 18 at 2. However, generalized objections that do not identify specific sections of the report and the basis for objection are insufficient to trigger de novo review. *See Bush v. Monroe*, No. 6:17-cv-00541, 2018 WL 4042418, at *1 (E.D. Tex. Aug. 24, 2018)

(citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Therefore, this blanket objection is overruled.

Plaintiff next objects to the magistrate judge's finding that the ALJ performed an adequate consistency analysis of Dr. Combs's opinion. Doc. 18 at 2. Plaintiff contends that the ALJ performed a consistency analysis of Dr. Combs's opinion only with respect to plaintiff's capacity for adapting and managing and therefore left a reviewing court to do guesswork on the remainder of the assessed work limitations. *Id.* at 2–5.

Here, consultative examiner Dennis Combs, Ph.D., opined that claimant would have no impairment understanding, remembering, and carrying out one- to two-step tasks; had a mild impairment in relating to supervisors, coworkers and the public; had no impairment with concentration, persistence, and pace; and had a moderate impairment in adapting and managing himself. Doc. 11-3 at 23–24. The ALJ, however, pointed out that this opinion was partially contradicted by "Dr. Combs' own evaluation and is inconsistent with the evidence of record for Dr. Comb's [sic] notation of a moderate impairment in adapting with examinations showing the claimant appeared with appropriate affect and demeanor, was alert and fully oriented with appropriate speech, a neat and clean appearance, and cooperative." *Id.* at 24.

While this inconsistency was specifically noted in the context of the limitation in adapting and managing, the record reflects that the ALJ did a consistency analysis for the entirety of Dr. Combs's opinion. Specifically, the ALJ extensively cited the medical records in discussing the supportability and consistency of Dr. Combs's opinions and stated where she found them to be inconsistent, which simply happened to be only with respect to the adapting and managing limitations. *Id.* Notably, where Dr. Combs found no limitations, for example in carrying out one- to two-step tasks, the ALJ specifically noted those conclusions in her consistency analysis. *Id.* at 23–24; Doc. 11-8 at 163. The court thus finds that plaintiff's objection on this point is unfounded as the ALJ performed a legally adequate consistency analysis.

However, plaintiff's final objection has more merit. Plaintiff suggests that the one- to two-step task limitation discussed by the ALJ should have been included in the Residual Functional Capacity (RFC) assessment and that this would have precluded semi-skilled past work relied on by the ALJ. Doc. 18 at 5–8. At the outset, this court notes that the ALJ only found Dr. Combs's opinion—including the one- to two-step task limitation—to be "partially persuasive." Doc. 11-3 at 24. It is thus unclear whether the ALJ found at step two that plaintiff was strictly unable to carry out tasks with more than one to two steps. Nevertheless, the ALJ's limited RFC analysis regarding plaintiff's mental capacity warrants further scrutiny.

To determine whether a claimant is disabled, the Commissioner engages in the following five-step sequential analysis:

1) An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2) An individual who does not have a "severe impairment" will not be found to be disabled.

3) An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4) If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5) If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)–(f)). "A disability determination at any point in the five-step process is conclusive and terminates any

further analysis." *Id.* Furthermore, if an impairment is severe at step two but does not reach the level of a listed disordered at step three, the ALJ must perform an RFC assessment—in other words, an analysis of the most work a claimant can do given all his impairments. *See Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001).

    Here, at step two, the ALJ determined that plaintiff has no "more than 'mild' limitation" in any of the four areas of mental functioning. Doc. 11-3 at 24. Specifically, she found mild limitations in plaintiff's ability to understand, remember, or apply information and in his ability to adapt and manage himself. The ALJ ultimately concluded in step two that these mild limitations were non-severe pursuant to 20 C.F.R. § 404.1520a(d)(1). *Id.* The ALJ, however, did find severe physical limitations—including lumbar degenerative disc disease, coronary artery disease, and obesity—and thus proceeded past step two. *Id.* at 21.

    In the subsequent RFC assessment, the ALJ did not analyze how these minor limitations might affect plaintiff's work capability. The ALJ did note that plaintiff can cook full meals, do household chores, perform personal-care tasks without assistance, socialize, read books, watch movies, and play games on his phone. Doc. 11-3 at 27. However, aside from this implicit reference to mental capacity, the RFC almost exclusively focused on plaintiff's physical limitations. There was also no further analysis describing how, despite the mild mental limitations found by the ALJ at step two, plaintiff could be expected to perform semi-skilled work.

    Significantly, even where "an ALJ finds that a claimant's medically determinable mental impairment isn't severe, the ALJ must still consider its impact when assessing the claimant's residual functional capacity." *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 488 (W.D. Tex. 2022) (citing 20 C.F.R. § 404.1545(a)(2)). Although an ALJ is not necessarily required to include mental limitations found at step two in the ultimate RFC findings, he or she must still consider "the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Id.* at 489 (quotation marks omitted). "This is because

even non-severe limitations may combine with other severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform." *Id.* at 488 (quoting 20 C.F.R. § 404.1545(a)(2)).

In *Castillo*, the ALJ found mild limitations in all four of the mental-function categories and committed legal error by "fail[ing] to explain *why* he omitted *any* mental limitations from the [RFC] formulation." *Id.* at 489. Similarly, in *Regina T. v. Commissioner*, the ALJ found mild limitations in two of the four categories but was "completely silent" as to their impact on the RFC analysis. No. 3:23-cv-02090, 2025 WL 510825, at *4 (N.D. Tex. Jan. 7, 2025), *report and recommendation adopted*, 2025 WL 510109 (N.D. Tex. Feb. 14, 2025). So too here, because the ALJ's RFC analysis, apart from a passing reference to plaintiff's ability to perform everyday tasks, does not even mention the mild mental limitations found at step two. This constitutes legal error.

Importantly, "[t]he error here is not that the ALJ failed to *include* mental limitations in the RFC, instead, the error is the failure to *consider* whether including the functional limitations was warranted." *Id.* This error is not harmless, because the mild mental limitations found here could affect plaintiff's ability to perform the semi-skilled past work of a cashier or stocker relied on by the ALJ. *See Castillo*, 599 F. Supp. 3d at 490; *Regina T.*, 2025 WL 510825, at *5; *see also Hovi v. Colvin*, No. 3:12-cv-00169, 2013 WL 3989232, at *16 (W.D. Wis. Aug. 2, 2013) (analyzing mild mental limitations in the RFC assessment "is particularly important when the ALJ considers the claimant's ability to perform past semi-skilled or skilled work, as even mild limitations may preclude such work"). Furthermore, this court's "inability to clearly determine whether the ALJ adequately considered certain limitations or not constitutes reversible error." *Gonzales v. Berryhill*, No. 3:16-cv-1830, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017).

At the same time, although the aforementioned consideration could hypothetically affect the finding on ability to perform semi-skilled work, it also could result in the same finding. The court

does not imply or intimate that the consideration required will or should change the ultimate finding. The consideration simply must happen in the analysis, even if the ultimate finding is unchanged.

Accordingly, this court declines to accept the report and recommendation (Doc. 17) and holds that remand is appropriate. The decision of the Commissioner is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and this case is remanded for further consideration consistent with this opinion. On remand, the ALJ shall specifically reevaluate, in light of the record, whether claimant has any mental limitations at step two and analyze any such limitations as part of the RFC assessment. If necessary, the ALJ may, but is not required to, hold another hearing and obtain new testimony. Any pending motions are denied as moot.

*So ordered by the court on March 14, 2025.*

J. CAMPBELL BARKER
United States District Judge